IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAROLYN CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 06-0561-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

Discussion

Plaintiff, at the time of the hearing before the ALJ, was 51 years of age with an eighth grade education, who has worked primarily as a labeler.

Plaintiff testified at the hearing before the ALJ that her last job was in the 80's or 90's, placing labels on electric boxes for fences. It was plaintiff's testimony that she suffers from liver disease and osteoporosis. She stated that she receives medication for the liver disease, which makes her dizzy.

Regarding her daily activities, plaintiff testified that, because of the swelling in her stomach and legs, she generally sleeps no more than a couple of hours at a time; that she naps twice a week during the day for at least 20 minutes, but remains tired; that she does not drive; that she can't stand for very long because of a sore back, and it also hurts sometimes if she sits very long. She attributes those problems to her osteoporosis. She can stand for about 20 minutes before the pain begins and can sit for approximately 30 minutes. She has trouble working because of the swelling in her feet. She cannot climb stairs without hanging on and has trouble bending because of her knees. She doesn't believe she could lift more than 8 pounds. She has trouble concentrating to the extent that she can't focus when she watches television. She cleans house for her sister, sometimes does dishes, but does not vacuum. As a hobby, she does puzzles, enjoys visiting with her brother, and tries to recreate with her grandchildren. Finally,

3

she testified that while she used to drink 24 cans of beer a day, she quit drinking in 2002, as a result of the liver disease diagnosis and a desire to see her grandchildren grow up.

It was the finding of the ALJ that:

1. The claimant has not engaged in substantial gainful activity since October 31, 2002.

2. The claimant has the following "severe" impairments: questionable alcohol-induced cirrhosis with history of ascites, and history of alcohol abuse reported to be in remission. The claimant's osteoporosis, hypothyroidism and colonic polyps have been considered in the combination of impairments, but are found to be "not severe" pursuant to the Regulations.

3. The claimant's medically determinable impairments do not meet or medically equal any of the listed impairments in Appendix 1, Subpart P of Regulation No. 4.

4. The claimant's allegations regarding her limitations are not totally credible for the reasons set for the in the body of the decision.

5. The claimant has the residual functional capacity for a full range of light work.

6. The claimant has the following past relevant work: labeler, light, unskilled.

7. The claimant's medically determinable impairments doe not prevent her from performing her past relevant work as a labeler.

8. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

The ALJ discredited plaintiff's testimony because the medical evidence does not support the severity of her symptoms. Additionally, her testimony regarding her daily activities and her work history force the conclusion that she is only partially credible. Specifically, he found that plaintiff's condition improved after abstinence from alcohol for one year to the extent that in May of 2004, her liver function studies were normal. Doctor Campbell questioned the earlier diagnosis of chronic liver disease. This improvement in condition did not support plaintiff's testimony regarding

4

her limitations. In addition, the ALJ discredited her testimony because of her ability to care for her personal needs, and the fact that she assists her sister in cleaning the house. He also noted her pleasure activities, which include watching soap operas and working on puzzles. Finally, the ALJ noted her visits with her brother and grandchildren and the fact that she reported in her activities question that she watched her grandchildren.

Plaintiff asserts that the ALJ erred because his credibility findings were not based on substantial evidence in the record as a whole, and that he erred in finding that she could perform her past relevant work. Specifically, plaintiff contends that the ALJ failed to consider the diagnosis of hypothyroidism and osteoporosis. She further noted that the ALJ failed to adequately consider the side effects from the plaintiff's medication, and finally, the ALJ failed to consider that plaintiff's daily activities are performed at a pace to accommodate her disabling conditions.

With regard to the finding that she could not perform her past relevant work, plaintiff contends that the ALJ failed to make explicit findings as to the physical and mental demands of her past work. Plaintiff also notes that the hypothesis submitted to the vocational expert was defective and that it did not detail all of plaintiff's impairments.

Having fully reviewed the record, this Court is of the opinion that there is inadequate objective medical evidence to support the level of impairment alleged by plaintiff. The Court also finds that the ALJ was supported by the record when he concluded that plaintiff's condition had significantly improved following her abstinence from alcohol. The ALJ adequately considered plaintiff's medical history and did not err in relying on the most recent diagnosis of her treating physician. The record also supports the ALJ's conclusion that her hypothyrodism and osteoporosis

5

do not affect her ability to work.  There is also not substantial evidence that medication side effects are severe.    Therefore, based on the entire record before the ALJ, there was substantial evidence to support his decision that plaintiff could perform her past relevant work as a labeler.

Regarding the credibility determination, there is substantial evidence in the record to support the ALJ's finding, taking into account the fact that plaintiff's condition has improved.    The Court believes that the ALJ adequately addressed the Polaski factors in discrediting some of plaintiff's subjective complaints.   The ALJ detailed the reasons for discrediting plaintiff's testimony, and adequately discussed the factors set forth in Polaski.  Therefore, the Court finds that the ALJ relied on substantial, relevant and supporting evidence in explaining his reasons for discrediting plaintiff's complaints.  Ghant v. Bowen, 930 F.2d 633, 637 (8th Cir. 1991).  Further, the law is clear that a hypothetical posed to a vocational expert is proper if it sets forth the impairments that the ALJ accepts as true.  Hayes v. Chater, 73 F.3d 769, 771 (8th Cir. 1996).   In this case, plaintiff did not meet her burden that she could not perform her past relevant work, and the testimony of a vocational expert was not required.  However, the testimony solicited from the expert adequately set forth plaintiff's limitations.   Accordingly, the Court finds that plaintiff's contentions regarding the ALJ having erred regarding the hypothetical posed to the vocational expert are without merit.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet her burden of proving that she has an impairment that precludes her from engaging in substantial gainful activity.  The ALJ's findings that plaintiff was not disabled

and could perform her past relevant work are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

      /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: November 20, 2007